## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JACKIE RHINEHART,** | } | |
| **Plaintiff,** | } | |
| v. | } | Case No.:  **2:08-CV-1275-RDP-RRA** |
| **RICHARD ALLEN, et al.,** | } | |
| **Defendants.** | } | |

### MEMORANDUM OPINION

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, require this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service.

In this case, the Magistrate Judge entered a Report and Recommendation on November 20, 2008.  (Doc. #8).  The parties were allowed fifteen (15) days to file objections to the recommendations made by the magistrate judge.  No objections have been filed by either Plaintiff or Defendants.

Having carefully reviewed and considered *de novo* the record in this case, including the magistrate judge's report and recommendation, the court **ADOPTS** the report and **ACCEPTS** the

recommendations of the magistrate judge.[1] A separate order will be entered dismissing the claims against Defendants Allen, Hetzel, Edward, Richburg, Wily, and Gordy for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The failure to protect claims against Defendants Carroll and Hyde, and the denial of medical care claims against Defendants Jones, Dean, and Clum will be referred to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this ___21st___ day of January, 2009.

						**R. DAVID PROCTOR**
						UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also named LT. P. Richie as a defendant, but the Report filed by the Magistrate Judge did not address that Defendant. Plaintiff has not alleged that Richie was personally involved in any of the incidents about which he complains. To the extent that Plaintiff seeks to assert liability because of any supervisory capacity that Defendant Richie may have had, his complaint is not viable. It is well settled that "[t]here is no respondeat superior liability under § 1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Braddy v. Florida Dept. of Labor and Employment Security*, 133 F.3d 797, 802 (11th Cir. 1998). Supervisory personnel may be held accountable for the constitutional violations of their subordinates only upon proof that they: (1) were directly involved in the wrongdoing; (2) failed to remedy a wrong after learning of it through report or appeal; (3) created or allowed a policy under which the violation occurred; or (4) were grossly negligent in managing the subordinates who caused the wrongdoing. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). In this case, Plaintiff's complaint alleges a failure to protect from assault and a violation of his Eighth Amendment right to adequate medical care. However, he asserts no facts which would show that this supervisory defendant was linked to the violations Plaintiff has alleged in one of the ways described above. Accordingly, this action is due to be dismissed with respect to Defendant Richie, for the same reasons as dismissal of the claims against Defendants Allen, Hetzel, Edward, Richburg, Wiley, and Gordy is appropriate.