# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**JACKIE RHINEHART,**  }
  }
  **Plaintiff,** }
  }
**v.** }   **Case No.: 2:08-CV-1275-RDP-RRA**
  }
**RICHARD ALLEN, et al.,** }
  }
  **Defendants.** }

## MEMORANDUM OPINION

On July 18, 2008, Plaintiff filed this lawsuit against the following Defendants: Commissioner Richard Allen; Warden Gary Hetzel; Superintendents G. Edward and C. Gordy; Captain Jimmy Richburg; Lieutenants J. Jones and P. Richie; Sergeants A. Wily and C. Dean; Correctional Officers Matthew Hyde, Roderick Carroll, John Doe One, and John Doe Two; and Nurse Roseanne Clum-Cordingley. (Doc. #1). Plaintiff, relying on 42 U.S.C. § 1983, alleged various constitutional violations stemming from physical injuries that he sustained while incarcerated at the W.E. Donaldson Prison in Bessemer, Alabama. (Doc. #1 at 1).

On January 21, 2009, the court dismissed Plaintiff's claims against Defendants Allen, Hetzel, Edward, Richburg, Wily, Gordy, and Richie for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. #10). Specifically, the court concluded that holding these Defendants liable as supervisors would amount to *respondeat superior* liability – otherwise precluded by § 1983. (Doc. #10). Additionally, on October 19, 2009, the court dismissed the John Doe Defendants after having provided Plaintiff with one year to supply their actual names. (Doc. #33). Upon those dismissals, the only claims that remain are (1) failure to protect against

Defendants Carroll and Hyde and (2) denial of medical care against Defendants Jones, Dean, and Clum-Cordingley.  (Doc. #10).

On July 13, 2009, the court received a notice of voluntary dismissal from Plaintiff.  (Doc. #23).  Plaintiff requested that the court "dismiss any and all claims against all defendants in this said case." (Doc. #23).  On July 15, 2009, Magistrate Judge Armstrong entered an Order, which required Plaintiff "to notify the court within ten (10) days . . . whether he consent[ed] to a 'with prejudice' dismissal of his claims in this matter."  (Doc. #24).  According to the Order, Plaintiff's failure to respond would be construed as consenting to a dismissal with prejudice.  (Doc. #24).  In response, Plaintiff filed a notice, in which he "recant[ed] [his] request to have [his] claims dismissed against the defendants in this action."  (Doc. #25).

In March 2009, Defendants Dean, Hyde, Jones, and Clum-Cordingley filed Special Reports. (Docs. #21, 22).  Magistrate Judge Armstrong, construing these reports as motions for summary judgment, ordered Plaintiff to respond no later than November 9, 2009.  (Doc. #30).  Plaintiff never addressed Defendants' motions for summary judgment; indeed, Plaintiff has not filed anything merits-based in this case since February 13, 2009.  As a result, on April 30, 2010, Magistrate Judge Armstrong "deem[ed] it appropriate to inquire of [Plaintiff's] intent to continue prosecuting this action" and, accordingly, ordered Plaintiff to notify the court within fourteen days "whether or not he wishes to continue with this action and, if so, whether against some or all of the remaining defendants." (Doc. #39).  The Order expressly advised that "failure to respond within the time prescribed may result in dismissal of this action without further notice for lack of prosecution." (Doc. #39).  Twenty-five days have elapsed since entering the Order, and Plaintiff has not responded. To be sure, this court has delayed taking any action to account for possible lag in mail-delivery.

Plaintiff, having had ample opportunity to respond to Magistrate Judge Armstrong's Order, has failed to affirmatively declare his intent to proceed with this litigation. Importantly, it is axiomatic that a "district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases. The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citations and internal quotation marks omitted); *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* . . . .").

Dismissing this case for failure to prosecute is appropriate for two reasons. First, having provided Plaintiff with a sufficient opportunity to respond to the April 30, 2010 Order, the court concludes that Plaintiff has abandoned the prosecution of this case. *See, e.g.*, *Booker v. Mothershed*, No. 92-685, 1995 U.S. Dist. LEXIS 3610, at *1-2 (S.D. Ala. Feb. 23, 1995) (dismissing case after the plaintiff failed to respond to the court's order requiring notification of intent to proceed). Second, consistent with the strong policy against foreclosing legal rights on account of procedural missteps, Plaintiff's decision not to respond to Defendants' motions for summary judgment is best construed as withdrawing his claims rather than acquiescing to Defendants' arguments. Accordingly, Plaintiff's remaining claims against Defendants Carroll, Hyde, Jones, Dean, and Clum-Cordingley are due to be dismissed for failure to prosecute.

Nevertheless, the record is devoid of evidence that Plaintiff has engaged in a clear pattern of delay or willful contempt. Plaintiff's claims, therefore, are due to be dismissed without prejudice. *See, e.g.*, *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) ("[A]

dismissal with prejudice . . . is an extreme sanction that may be properly imposed only when . . . a party engages in a clear pattern of delay or willful contempt (contumacious conduct) . . . .") (citations and internal quotation marks omitted).

A separate order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** this    25th    day of May, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE